**FILED**
**SEPTEMBER 28, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHIMA AGIM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0227 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On September 9, 2009, petitioner filed with this Court a petition for a writ of habeas corpus challenging a November 17, 2008 prison disciplinary proceeding which resulted in the loss of ten days of previously earned good time credits. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner was still incarcerated in the Clements Unit.

Petitioner failed to indicate in his petition what his holding conviction is, and review of the Texas Department of Criminal Justice (TDCJ) Offender Information Detail's website indicated petitioner was being held on a conviction for aggravated sexual assault. Although petitioner represented to the Court that he is eligible for mandatory release, his conviction for aggravated sexual assault called that representation into question. Concerned with whether petitioner qualified for release on mandatory supervision, this Court issued a briefing order on September 11, 2009 instructing the petitioner to indicate if he had, indeed, been previously convicted of the first-degree felony of aggravated sexual assault.

On September 24, 2009, this Court received petitioner's response, in which petitioner explained,

> No. Petitioner has never been convicted of the first degree felony of aggravated sexual assault as per Texas Code of Criminal Procedures, [sic] and United States Federal Rules of Criminal Procedures [sic] respectively. Yes petitioner was framed guilty of false allegation of first degree felony of fabricated sexual assault that never existed with phony indictment and information papers at the same time.

(Petitioner's Response to Court Order, No. 2:09-CV-227, filed September 24, 2009).

After petitioner filed the instant habeas corpus application, he filed another habeas corpus application in the Dallas Division of the Northern District of Texas. *See Agim v. Thaler*, No. 3:09-CV-1727. In that habeas corpus petition, petitioner challenged his conviction for aggravated sexual assault of a child out of Dallas County, Texas in 1999 and the resultant twenty-five year sentence. On September 21, 2009 the United States Magistrate Judge determined the application was successive. The Magistrate Judge based her determination on petitioner's 2002 habeas corpus petition, which likewise challenged the aggravated sexual assault conviction. *See Agim v. Dretke*, No. 3:02-CV-338. In the 2002 case, petitioner's habeas corpus application was denied, and the Fifth Circuit denied the issuance of a Certificate of Appealability. *See id.*

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for release on mandatory supervision and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner's declaration to this Court that he is eligible for release on mandatory supervision is incorrect. Because he has been previously convicted of an offense listed in section 508.149 of the Texas Government Code, petitioner is not eligible for release on mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149(a) (Vernon 2004). He cannot challenge the result of a prison disciplinary

adjudication by way of a federal habeas corpus petition. *See Malchi*, 211 F.3d at 958.

### RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CHIMA AGIM be DENIED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of September, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).